### RUTH SMITH v. CHESTER SMITH.

A woman, having a husband living at the time of her second marriage, is not entitled to dower in the real estate of her second husband; the second marriage being absolutely void, notwithstanding the provisions of the first section of the act relating to divorce, and the seventh section of the crimes act relating to bigamy.

PETITION for dower. Reserved in Delaware county.

In 1817 or 1818, the complainant, then Ruth Atherton, was married, in Luzerne county, Pennsylvania, to one William Dennis. They lived and cohabited as man and wife one or two years, when they separated, and he went to Susquehanna county, in that State, where he afterwards married and continued to reside until his death, in 1853. In 1826 or 1827, Ruth came to Ohio, and in 1829 was married to David Smith, in Delaware county, and resided with him as his wife until his death, in 1845. During this coverture, David was seized of an estate of inheritance in certain lands, in said county of Delaware, which he conveyed to the defendant Chester Smith, said Ruth not joining in the conveyance. She now claims dower in these premises. Her claim is resisted on the ground that her marriage with Smith was void, as she had a former husband then living.

*Hubbell & Carper*, and *Sweetzer*, for petitioner.

*Finch & Critchfield*, for defendant.

J. R. SWAN, J. It seems to be conceded by the counsel for the complainant, Ruth Smith, that if her marriage to Smith was absolutely void, she is not entitled to dower in his estate. Such is undoubtedly the law; and it is equally well settled, that a

second marriage, as in this case, while the first husband was living, is absolutely void, unless the legislation of this State has rendered such second marriage voidable only.

It is said that the statute which authorizes proceedings to obtain a divorce, " where either of the parties had a former husband or wife living at the time of solemnizing the second marriage" (Swan's Stat. 325, sec. 1), does, constructively, render such second marriage voidable only. The fact of a prior marriage may be one of doubt; and hence this provision permits parties to have the subject judicially investigated and determined. Another object of this provision was, probably, to give alimony to the second wife of a man who had a former wife living. Besides, to render such second marriage valid, or voidable only, until decree of divorce, would require distinct and positive legislation.

No presumptive proof of a divorce between Dennis and his wife exists. Indeed, a divorce being a judicial proceeding of record, we do not see how such a presumption could arise without some proof. There is none.

*The petition must be dismissed.*