BASILE, APPELLEE, *v.* BASILE, APPELLANT.

(No. 3894—Decided January 28, 1948.)

*Mr. Carl M. Myers,* for appellee and cross-appellant.
*Messrs. Ferbstein & Sicherman,* for appellant and cross-appellee.

STEVENS, J. This case presents an appeal on questions of law by the defendant, Sam Basile, from a judgment of the Court of Common Pleas of Summit County, wherein plaintiff, Mary Basile, was granted a divorce, alimony, and an award of expenses of suit, and a cross-appeal on questions of law by the plaintiff concerning the amount of alimony awarded.

The action below was a statutory action for divorce and alimony, and the defendant, by his cross-petition, sought a divorce from plaintiff on the ground that, at the time the marriage contract between plaintiff and defendant was executed, defendant had a wife then living.

No claim was made, nor could be successfully made, by either party that a common-law marriage existed between the parties, as the impediment to such a union was not removed until the day after the supplemental petition herein, on which the case was heard, was filed.

It thus appears that the final separation of the parties occurred on or before July 2, 1947, the date when the supplemental petition was filed, and that the defendant herein procured a divorce from his wife (Izabella) on July 3, 1947.

A motion for temporary alimony was made, and was overruled by the court after hearing.

The award of permanent alimony and expenses of suit was made in the final decree, after submission of the entire case.

From the evidence, it appears that these parties purported to be married by a ceremony performed, and under a contract executed, in the state of New York. Therefore, the validity and effect of the contract must be determined under the law of the state of New York. 2 Schouler on Marriage, Divorce, Separation and Domestic Relations (Sixth Ed.), Section 1261. 26 Ohio Jurisprudence, Marriage, Section 9.

The New York statute (Domestic Relations Law, Section 6, in Book 14 of McKinney's Consolidated Laws of New York Annotated) provides:

"A marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living * * *."

The admissions of the parties to this action in their pleadings, establish that defendant did have a wife by a former marriage, from whom he had not been divorced, living at the time he entered into the marriage contract with plaintiff. Consequently, by the express provision of the New York statute, *supra*, the marriage contract between plaintiff and defendant was absolutely void *ab initio*.

17 Corpus Juris Secundum, Contracts, Section 10, states:

"* * * a void contract means one merely ineffective, of no force and effect; it is no contract whatever. No

rights of any character in favor of anyone vest under it; it is binding on neither party.''

Ohio has by statute provided in Section 11979, General Code:

''Courts of common pleas may grant divorces for the following causes:

''1. That either party had a husband or wife living at the time of the marriage from which the divorce is sought;

''* * *.''

And in Section 11990, General Code:

''When a divorce is granted *because of the husband's aggression,* the court shall * * * allow such alimony out of her husband's property as it deems reasonable * * *.'' (Italics ours.)

The cases of *Smith* v. *Smith,* 5 Ohio St., 32, and *Vanvalley* v. *Vanvalley,* 19 Ohio St., 588, are cited by counsel for appellee as establishing the right of the Court of Common Pleas to award alimony to the wife, where the husband had a wife living at the time of his second marriage, and a divorce was granted for that reason.

In this case, we do not believe that either of these cases is authority which warranted the trial court in awarding alimony to the plaintiff. In the *Smith case,* the statement in the opinion concerning alimony was pure obiter; and in the *Vanvalley case,* the court's statement was made on a motion for leave to file a petition in error in the Supreme Court, which motion was overruled; the case therefore never reached that court on its merits, and the statements justifying the overruling of the motion, are not authority for an allowance of alimony under a void contract of marriage.

But, be that as it may, this marriage contract, under the express statutory provision of the state of New York, is absolutely void, and certainly, in an action at law, no rights can arise because of a *nudum pactum.*

The Ohio rule as indicated in 26 Ohio Jurisprudence, Marriage, Section 56, follows:

"In the absence of a statutory provision having a qualifying effect, under the general rule, a civil disability, such as having a lawful living husband or wife by a former marriage, renders a subsequent marriage absolutely void *ab initio*, in consequence of which it is good for no legal purpose, and the incidents which attend and follow on a valid marriage are not, in the absence of statute, acquired by the parties."

We find no Ohio statute which we may here recognize as having a qualifying effect upon the rule announced.

The purpose of the first ground of Section 11979, General Code, *supra*, as we view it, was and is to permit the judicial removal from the marriage records of the record of a marriage which was void when consummated, and to judicially remove the appearance of the existence of a marriage contract between parties who are not bound thereby. This on the ground of public policy.

If, as the New York statute states, the contract under consideration was absolutely void, then no right to alimony could arise thereunder, because an award of alimony is incident to a valid, binding marriage, which this one was not (27 Corpus Juris Secundum, Divorce, Section 228), and this action was not one in equity. The award of permanent alimony was therefore erroneous.

It appears from an examination of the opinion in *Stuart* v. *Stuart,* 144 Ohio St., 289, 58 N. E. (2d), 656, that the Supreme Court of Ohio there concluded that an allowance to a wife of expenses of suit can only be justified under the provisions of Section 11994, General Code (the temporary alimony statute).

We have above indicated that alimony, temporary and permanent, is an incident of a valid marriage.

This being an absolutely void contract of marriage, no rights in favor of either party can arise therefrom, except the right of either party to have its nullity judicially declared. *Smith* v. *Smith*, 72 Ohio App., 203, 50 N. E. (2d), 889, syllabus 5.

The award of expenses to this wife in the final decree, the application for temporary alimony having been previously denied, was therefore likewise erroneous.

Under our constitutional authority to modify judgments, this judgment will be modified by deleting therefrom the provisions for an alimony award, and also the allowance for expenses of suit; and, as thus modified, the judgment is affirmed.

*Judgment modified and affirmed.*

Hunsicker, J., concurs.

Doyle, P. J., dissenting in part:

In this state, divorce and alimony are solely creatures of statute. Among the ten causes for divorce in Section 11979, General Code, is "That either party had a husband or wife living at the time of the marriage from which the divorce is sought." While this ground technically should be for annulment rather than divorce, because a marriage under such circumstances is void *ab initio*, nevertheless the Legislature has made it a ground for divorce.

Alimony, as incident to divorce, as distinguished from an action for alimony alone, is controlled, in so far as this case is concerned, by Sections 11990 and 11994, General Code. Section 11990, General Code, is in part as follows:

"When a divorce is granted because of the husband's aggression, the court shall * * * allow such alimony out of her husband's property as it deems rea-

sonable, having due regard to property which came to him by marriage and the value of his real and personal estate at the time of the divorce.''

Alimony (permanent alimony) under this section of the Code cannot be granted a woman when she secures a divorce on the ground that the man she "married" had a wife living at the time of her "marriage" to him. This for the reason that the prerequisite "aggression" contemplates only things occurring after the marriage which are made grounds for divorce. It does not contemplate some cause which existed at the time of the marriage which made the marriage void from its inception.

However, Section 11994, General Code, does not have this "aggression" limitation. It provides that a court "may grant alimony to either of the parties for his or her sustenance and expenses during the suit,'' and the words "expenses during the suit" have been construed to mean, *inter alia*, reasonable attorney fees.

The statute does not impair the right of a wife to have awarded to her reasonable expense money when a divorce is granted her on any of the grounds set forth in the statute. In fact, it permits a court, at any stage of a divorce proceeding, to make such an award, regardless of the reasons advanced for the granting of the divorce.

I therefore dissent from the conclusion of my associate judges in their determination to delete the award of counsel fees from the judgment under review, but concur otherwise in the judgment ordered by the majority.