TREADWAY, APPELLANT, *v.* TREADWAY, APPELLEE.

(No. 7860—Decided April 26, 1954.)

*Mr. Edward K. Halaby,* for appellant.
No appearance for appellee.

HILDEBRANT, J.   Plaintiff filed a divorce petition in the Common Pleas Court, Division of Domestic Relations, alleging the statutory grounds of gross neglect of duty and extreme cruelty.   Service by publication was had and approved by the court.

The suit being uncontested on the day set for hearing, the plaintiff appeared with witnesses to offer proof of the allegations of the petition and was represented by counsel.

At that time, based on information obtained by investigative agents of the court that plaintiff had been previously married, the court invoked a rule requiring plaintiff to prove the legal dissolution of his former marriage before being permitted to offer proof of his allegations in this suit.   Plaintiff orally testified he had received some divorce papers from his former wife, although uncertain as to the time thereof, vaguely around the year 1940, and could offer no further proof of the legal dissolution of his former marriage.

Apparently, upon the theory that the court should require proof of a valid marriage before passing upon a petition for divorce therefrom, the court refused to hear evidence in the case at bar until proof of legal dissolution of the former marriage was forthcoming and, on plaintiff's being unable to offer more than his oral testimony, as stated above, the court dismissed his petition, without prejudice, for want of prosecution.

This is the order appealed from.

Section 3105.10, Revised Code, provides in mandatory terms in part:   ''The Court of Common Pleas

shall hear any of the causes for divorce charged in the petition * * *.''

By invoking its rule in this suit and refusing to hear the causes for divorce alleged in the instant case, the court failed to follow the mandatory provisions of the statute.

Even had it appeared that plaintiff herein had a wife living at the time of the marriage from which divorce is sought here, the court is required to hear the case.

One of the grounds of divorce set out in Section 3105.01, Revised Code, is:

''(A) Either party had a husband or wife living at the time of the marriage from which the divorce is sought.''

When a divorce is sought on that ground, the Supreme Court has said in *Eggleston* v. *Eggleston,* 156 Ohio St., 422, 103 N. E. (2d), 395:

''Section 11979, General Code, authorizing the granting of a divorce where 'either party had a husband or wife living at the time of the marriage from which the divorce is sought,' provides an exclusive remedy in cases involving that situation.

''Where a decree of divorce is granted on the petition of a woman on the ground that the defendant had a wife living at the time of his marriage with the plaintiff, the court has jurisdiction to grant to the plaintiff alimony and other relief authorized by the statutes on divorce and alimony.''

The court quoted from *Smith* v. *Smith,* 5 Ohio St., 32, and *Van Valley* v. *Van Valley,* 19 Ohio St., 588, and stated, at pages 427 and 428 of the opinion:

''The effect of that holding is that, under the provisions of the statute authorizing a divorce on the ground that either party had at the time of the marriage a husband or wife living, there is granted the

right to the relief provided in the supplemental statu-tory provisions."

Assuming the existence of a former marriage, yet the marriage from which divorce is here sought created a relationship of husband and wife subject to the supplemental satutory provisions relating to divorce and affected by the public interest in the present status of that relationship. This court said in *Smith* v. *Smith*, 72 Ohio App., 203, at 217, 50 N. E. (2d), 889:

"The relation between the parties contained a congenital defect that passage of time could not remove. The defendant had and has a husband other than the plaintiff. They cannot live together in Ohio as man and wife without violating the criminal laws and offending against the public policy of the state. They have ceased to live together and now ask the court to judicially declare that the marriage relation does not exist and has not existed between them. The court has jurisdiction to so decree and public policy and the mandate of the statute requires that it exercise that jurisdiction, so that the parties and the public may know their status. The decree of the court will do no more than judicially declare what already exists in fact."

Proof of a prior existing marriage would only be another ground for divorce, here available to either party, and we know of no rule which prevents a plaintiff from choosing among several grounds for divorce upon which to proceed.

The judgment will, therefore, be reversed and the cause remanded with instructions to hear and determine the causes for divorce set forth in the petition.

*Judgment reversed.*

MATTHEWS, P. J., and Ross, J., concur.