STATE, EX REL. ALLEN, PLAINTIFF-APPELLEE, *v.* WAGONER, DEFENDANT-APPELLANT.

Ohio Appeals, Seventh District, Trumbull County.

No. 1493.   Decided May 15, 1961.

*Mr. Richard Scullin*, for plaintiff-appellee.
*Mr. Morris Mendelssohn*, for defendant-appellant.

GRIFFITH, J.   This proceeding arose in the Warren Municipal Court on the filing of an affidavit by Susan Allen alleging that defendant-appellant, Charles Wagoner, was the father of her illegitimate child.   After a preliminary hearing therein the defendant was held to await the action of the Common Pleas Court.   The case was tried in that court before a jury and nine

of the members of that jury found the defendant guilty of being the father of said child.

Judgment was entered on the verdict for the complainant. Motions for judgment notwithstanding the verdict and for a new trial were filed and overruled. Following the ruling on these two motions the court entered judgment in the amount of $139.15 for complainant's expense incident to the birth, and ordered the defendant to pay $6.25 weekly for the support of the child beginning October 31, 1960, and running until the child is eighteen years of age (Section 3111.17, Revised Code).

It is from this judgment that appeal is before this court on questions of law.

The defendant denied generally the charges embraced in the complaint, and specifically set up as a defense that the complainant at the time she filed her affidavit was a married woman by virtue of a common law marriage to one Don Powell.

The burden of proof is on this complainant to prove by a preponderance of the evidence that at the time she filed the charge she was an unmarried woman; that she had been delivered of a bastard child; and that Charles Wagoner is the father of such child.

The bill of exceptions reveals some evidence in support of these three elements. It is undisputed that at the time the child was conceived and at the time the child was born the mother was unmarried. She says that after the baby was a month old she went to live with Powell as wife and husband in a trailer. She further says that Powell was a married man at the time she went to live with him (R. 10 and 13).

It is wholly immaterial whether she knew he was married or not. If he was a married man at the time that they went to living together then Powell had no capacity to enter into a marriage contract, common-law or otherwise, and such alleged common-law marriage was absolutely void.

The burden is on Charles Wagoner, the defendant-appellant, to prove the essential elements of a common-law marriage by clear and convincing evidence.

All this evidence went before the jury, together with all the other evidence of the case, and under a concise and correct charge of the court the jury reached its verdict.

The defendant has failed to establish by the necessary degree of proof either the creation of or the existence of a common-law marriage. It is quite true that a meretricious relation between Susan Allen and Don Powell following the birth of the child was created and continued for one year or more. The evidence in this case falls far short of establishing a common law marriage. One must not confuse the wide distinction between a harlot and one entering upon and living under a common law marriage.

On factual questions this reviewing court will accept the determination of the fact finding body, to-wit the jury, unless it is so manifestly against the weight of the evidence as to shock the conscience to permit it to stand. We have no difficulty in affirming the common pleas court's judgment and sentence.

Judgment affirmed.

BROWN, P. J., and DONAHUE, J., concur.