JOURNAL ENTRY AND OPINION
Plaintiff-appellant Thomas S. Bubsey (hereafter "husband") contests orders from the Domestic Relations Court for Cuyahoga County that dismissed his complaint for divorce and denied his motion to certify the record to the Juvenile Court for Cuyahoga County pursuant to R.C. 3109.06. Because we conclude that the Domestic Relations court erred in dismissing husband's complaint, we reverse the judgment and remand the matter for further proceedings.
According to husband's June 11, 1998 complaint, he and defendant-appellee Kimberly D. Oleyar (hereafter "wife") established a common law marriage on or about June 21, 1983 in Brecksville, Ohio. Two children were born as issue of the marriage, namely, Jessica Bubsey, on November 21. 1984, and Sarah Bubsey, on December 12, 1986. Husband's stated grounds for divorce were mutual incompatibility, as well as wife's gross neglect of duty and extreme cruelty. The complaint prayed for a judgment of divorce and other associated relief, including an award of custody over the minor children.
On July 15, 1998, in lieu of a responsive pleading, wife filed a motion to dismiss husband's complaint for divorce. Wife's motion disclosed that wife had previously married Bruce Wayne Oleyar on May 3, 1974, and that she was still married to Mr. Oleyar as of the date that her alleged common law marriage to husband commenced in 1983. Wife additionally alleged that Mr. Oleyar filed a petition for the dissolution of their marriage in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida, on June 13, 1993.[1] Wife argued that her prior marriage was a legal impediment to establishing the common law marriage alleged in husband's complaint. Because she was still legally married to Mr. Oleyar as of October 10, 1991, the date on which Ohio prohibited new common law marriages, no common law marriage to husband could have been established after that date even if the impediment were subsequently removed.[2] Because husband could not establish that any valid common law marriage existed, wife argued his complaint should be dismissed.
After further briefing, the trial court dismissed husband's complaint on March 19, 1999. On March 26, 1999, husband filed a motion to certify the record pursuant to R.C. 3109.06, but the trial court denied that motion on April 6, 1999. Husband filed separate appeals which were consolidated for disposition. His first assignment of error is as follows:
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DISMISSING APPELLANT'S COMPLAINT FOR DIVORCE.
This assignment of error is well taken.
It may be true that the marriage in this case was in fact void. In Darling v. Darling (1975), 44 Ohio App.2d 5, this court observed:
 A bigamous marriage is void ab initio and of no legal purpose. One who is already married has no capacity to enter into another marriage contract, either ceremonial or common law. Johnson v. Wolford (1927), 117 Ohio St. 136; Smith v. Smith (1885), 5 Ohio St. 32; State ex rel. Allen v. Wagoner (1961), 88 Ohio Law Abs. 218.
Darling, 44 Ohio App.2d at 7.
Although the second marriage may be void, a party to that marriage still may obtain a divorce, however, to declare judicially that the marital relation does not exist. R.C. 3105.01, establishing the available grounds of divorce, provides in part:
 The court of common pleas may grant divorces for the following causes:
 (A) Either party had a husband or wife living at the time of the marriage from which the divorce is sought * * *.
Ohio case decisions confirm that a divorce may be granted even though one party lacked the capacity to marry because that party had a husband or wife living at the time of the later marriage.
Thus in Eggleston v. Eggleston (1952), 156 Ohio St. 422, the wife sought a divorce from the husband, but the husband moved for dismissal of the complaint after disclosing that he had a wife living at the time of the marriage from which the divorce was sought. Concluding that the second marriage was void, the trial court dismissed the wife's complaint. The Supreme Court of Ohio, construing the comparable General Code predecessor to R.C. 3105.01, reversed the judgment and declared as the syllabus:
 1. Section 11979, General Code, authorizing the granting of a divorce where "either party had a husband or wife living at the time of the marriage from which the divorce is sought," provides an exclusive remedy in cases involving that situation.
 2. Where a decree of divorce is granted on the petition of a woman on the ground that the defendant had a wife living at the time of his marriage with the plaintiff, the court has jurisdiction to grant to the plaintiff alimony and other relief authorized by the statutes on divorce and alimony. (VanValley v. VanValley [(1869)], 19 Ohio St. 588, approved and followed.)
Similarly, in Jones v. Jones (1962), 115 Ohio App. 358, this court determined that the plaintiff could maintain a divorce action against her husband under R.C. 3105.01 on the grounds that her husband had a wife living at the time of the husband's ceremonial marriage to the plaintiff. See also Bolin v. Bolin (Sept. 22, 1987), Jackson App. No. 542, unreported; Treadway v. Treadway
(1954), 97 Ohio App. 248.
In the case at bar, husband could obtain a divorce from wife even though, and indeed because, wife "had a husband * * * living at the time of the marriage from which the divorce is sought." R.C.3105.01 (A). The trial court therefore erred in dismissing his complaint for divorce.[3] The first assignment of error is accordingly sustained.
Husband's second assignment of error states:
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO CERTIFY THE RECORD TO JUVENILE COURT.
Because the case is remanded, the trial court can consider other matters such as custody of the children. Husband agreed at oral argument that if his first assignment of error were sustained and the matter were remanded to the trial court for further proceedings, husband's second assignment of error would be rendered moot. Accordingly, it is unnecessary for us to address his second assignment of error. See App.R. 12(A)(1)(c).
The judgment is reversed and the matter remanded for further proceedings.
This cause is reversed and remanded.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules, of Appellate Procedure.
ANN DYKE, A.J., and JOHN T. PATTON, J., CONCUR.
 ______________________ DIANE KARPINSKI, JUDGE
[1] Wife's motion included an unauthenticated copy of Mr. Oleyar's Florida petition for dissolution of the marriage.
[2] R.C. 3105.12(B) prohibited new common law marriages from being established after October 10, 1991.
[3] We note that wife's motion to dismiss relied on matters outside of husband's complaint, and there is no indication wife's motion was treated as a motion for summary judgment. This procedural question is of no consequence here, however, because wife was not entitled to a judgment dismissing husband's divorce complaint irrespective of whether her motion was construed as a motion to dismiss under Civ.R. 12 (B)(6) or as a motion for summary judgment under Civ.R. 56.