[Cite as *Kennedy v. Kunze*, 2019-Ohio-372.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

ELIZABETH A. KENNEDY

    Appellee

    v.

RUSSELL KUNZE

    Appellee

C.A. No.     28978

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2017-06-2608

DECISION AND JOURNAL ENTRY

Dated: February 6, 2019

CARR, Judge.

**{¶1}** Appellant, Elizabeth Kennedy, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms in part and reverses in part.

I.

**{¶2}** The instant action stems from a land contract dispute involving a piece of property located in Tallmadge, Ohio. On October 23, 2013, Kennedy (f.k.a. Betty Shuman) and Russell Kunze entered into a written contract where Kennedy agreed to sell the Tallmadge property to Kunze for $160,000, plus interest. Kunze made a $2,000 down payment and agreed to pay $1,000 per month. The contract specified that the outstanding balance on the purchase price was to be paid in full by May 1, 2015, meaning that Kunze would be required to make a balloon payment of up to $150,200.

**{¶3}** Though Kunze did not make the necessary balloon payment by May 1, 2015, he remained on the premises and continued to make monthly payments of $1,000. Kennedy and

Kunze engaged in several communications regarding Kunze's ability to make the balloon payment. In June 2016, Kennedy's attorney sent Kunze a forfeiture letter indicating that Kunze was required to either make the balloon payment or vacate the premises. Kunze elected to leave the premises and he ultimately vacated the premises in July 2016. Kunze was in possession of the property for 33 months, during which time he made monthly installments totaling $33,000.

{¶4} After finding a different purchaser for the property, Kennedy reached out to Kunze in September 2016 in order to formally terminate their written agreement. The land contract was recorded as "cancelled and [] null and void as of * * * September 19, 2016."

{¶5} On June 23, 2017, Kennedy filed a complaint against Kunze, alleging claims of breach of contract and unjust enrichment. Kunze filed an answer to the complaint and raised multiple affirmative defenses.

{¶6} On December 8, 2017, Kennedy filed a motion for partial summary judgment. Kunze filed a brief in opposition to the motion and Kennedy replied thereto. Kunze also filed a motion for summary judgment on the complaint. Kennedy filed a memorandum in opposition to Kunze's motion. On February 12, 2018, the trial court issued a journal entry denying Kennedy's motion for partial summary judgment and granting Kunze's motion for summary judgment.

{¶7} On appeal, Kennedy raises six assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHEN THE LOWER COURT IMPLICITLY INTERPRETED THE LAND CONTRACT AS VOID AB INITIO, DESPITE THE VENDEE ASSERTING A COMPLETELY DIFFERENT MEANING FOR THE TERM "VOID."

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHEN THERE ARE AMBIGUOUS QUESTIONS OF MATERIAL FACT WHETHER THE LAND CONTRACT TERMINATED ALL RIGHTS UNDER THE LAND CONTRACT WHEN IT WAS RECORDED IN THE SUMMIT COUNTY FISCAL OFFICE ON SEPT. 19, 2016.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED DENYING THE STATUTORY REMEDIES AFFORDED TO A LAND CONTRACT VENDOR BY R.C. 5313.10.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT BY DENYING APPELLANT STATUTORY DAMAGES FROM THE TIME THE LAND CONTRACT BECAME EFFECTIVE ON NOV. 1, 2013 UNTIL THE TIME THE LAND CONTRACT WAS CANCELLED ON SEPT. 19, 2016.

{¶8} Kennedy's first four assignments of error pertain to the trial court's summary judgment ruling on her breach of contract claim. In her first assignment of error, Kennedy asserts that the trial court misinterpreted the meaning of the parties' use of the term "void" with respect to the contract. In her second assignment of error, Kennedy contends that a question of material fact remains regarding whether the parties terminated all rights under the agreement when they cancelled the contract and declared it null and void. In her third assignment of error, Kennedy contends that the trial court erred in concluding that she was not entitled to the statutory damages described in R.C. 5313.10. In her fourth assignment of error, Kennedy asserts that she is entitled to recover for the property damage caused by Kunze prior to the cancelation of the contract. This Court disagrees with these contentions.

{¶9} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving

any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶10} The procedure set forth in Civ.R. 56 "represents a shortcut through the normal litigation process * * *." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990). Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶11} While the moving party bears the initial burden of showing that no genuine issue of material fact exists for trial, once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Rather, the burden then shifts to the non-moving party to respond, with affidavits or as otherwise permitted by Civ.R. 56, setting forth specific facts which show that there is a genuine issue of material fact for trial. *Id.* at 293. Civ.R. 56(C) designates the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action," as proper in demonstrating that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Id.* at 292-293. Throughout, the evidence must be construed in favor of the non-moving party. *Temple,* 50 Ohio St.2d at 327.

## Background

{¶12} In her motion for partial summary judgment, Kennedy argued that she was entitled to judgment on her breach of contract claim. Kennedy presented evidence showing that

she sent a notice of forfeiture pursuant to R.C. 5313.06 in June 2016 and that Kunze vacated the property the following month.[1] Kennedy maintained that the contract was cancelled on September 19, 2016, in accordance with R.C. 5301.331, by filing the cancelation with the Summit County Fiscal Office. Though the subject property was eventually sold to a different buyer for $150,000, Kennedy argued Kunze remained liable for his breach because the cancellation of the contract was not a release from the agreement. Kennedy also argued that she was entitled to damages for loss of rental income and destruction to the property pursuant to R.C. 5313.10. In support of this argument, Kennedy presented a market study by a real estate company suggesting that while Kunze paid Kennedy $1,000 per month, the actual monthly rental value of the property was $1,390 per month.

{¶13} In response, Kunze argued that after the May 1, 2015 deadline expired, Kennedy allowed Kunze to stay on the property as long as he continued to pay $1,000 per month as a month-to-month tenant. This arrangement came to an end in June 2016 when Kunze elected to vacate the premises. Despite language in the agreement to the contrary, Kunze maintained that it was Kennedy's responsibility to record the contract under R.C. 5313.02. Kunze stressed that Kennedy did not take that step until 32 months after the contract was executed and 13 months after the deadline for making the balloon payment had passed.

{¶14} Shortly after Kunze filed his response to Kennedy's motion, Kunze filed his own motion for summary judgment on the complaint. Kunze set forth a number of arguments, most notably that Kennedy did not have standing to sue, that there was a mutual release from the contract, and that the contract was void. Kunze presented evidence that Kennedy reached out to

---

[1] In support of her motion, Kennedy noted that the language of the contract specified that Kunze was responsible for recording the contract. Kunze failed to do so and Kennedy eventually recorded the agreement in June 2016.

him in September 2016 and asked him to sign a "release" of the contract so that she could sell the property to a different buyer. Kunze attached a copy of the contract that contained the following handwritten notation in the margin:

> This contract is cancelled and is null and void as of this date[,] September 19, 2016.

The statement was notarized and signed by both parties. In addition to the "null and void" language, Kunze argued that the contract was void from the outset because Kennedy failed to record the contract within 20 days of its execution as mandated by R.C. 5313.02(C).

{¶15} Kennedy filed a memorandum in opposition to Kunze's motion wherein she insisted that while the parties agreed to mutually cancel the contract pursuant to R.C. 5301.331, they did not sign a "mutual release" from the contract. Kennedy maintained that "[c]ancelation of the land contract was required in order to convey clear title [of] the property to a subsequent purchaser." Kennedy further maintained that she had "elected her remedy for the land contract's forfeiture under R.C. 5313.10."

{¶16} On February 12, 2018, the trial court issued an order denying Kennedy's motion for partial summary judgment and granting Kunze's motion for summary judgment on the complaint. The trial court determined that the language stating that the contract was "cancelled" and declared "null and void" was clear and unambiguous on its face. The trial court emphasized that a contract that is null and void "is one that has no legal effect." Accordingly, the trial court concluded that Kennedy voluntarily terminated her rights under the contract and was "precluded from seeking relief for breach of contract and relief under R.C. 5313.10."

**<u>Discussion</u>**

{¶17} The common thread that runs through Kennedy's first four assignments of error is that the trial court erred when it determined that the parties declared the contract "null and void"

on September 19, 2016, and thus terminated all rights relating to the agreement. Kennedy asserts that she merely cancelled the contract pursuant to R.C. 5301.331 and preserved her right to seek statutory damages and recover for breach of contract.

{¶18} R.C. 5301.331 addresses cancellation, partial release or assignment of a land contract. The statute provides, in part:

> Except in counties where deeds or other instruments are required as provided in this section, a land contract that is recorded in the office of the county recorder may be cancelled, partially released by the vendor and vendee, or assigned by either of them by writing the cancellation, partial release, or assignment on the original land contract or upon the margin of the record of the original land contract, and by signing it. That cancellation, partial release, or assignment need not be acknowledged, but if written on the margin of the record, the signing shall be attested to by the county recorder. The assignment by the vendee, whether it is on the land contract or upon the margin of the record of that contract, or by separate instrument, shall transfer the right held by the vendee under the land contract in the premises described in the contract unless otherwise stated in the land contract or in the assignment.

R.C. 5301.331. R.C. 5313.01 et seq. governs land installment contracts and addresses remedies available in cases of default.[2] R.C. 5313.05 provides that in the case of default by the vendee, "forfeiture of the interest of the vendee under the contract may be enforced only after the expiration of thirty days from the date of the default." The vendee may cure the default by making the required payments within the 30-day window. *Id*. Following the expiration of that time period, the vendor may initiate forfeiture by serving the vendee with a written notice that, among other things, "[n]otifies the vendee that the contract will stand forfeited unless the vendee performs the terms and conditions of the contract within ten days of the completed

---

[2] The statute sets out a foreclosure procedure in R.C. 5313.07 and a forfeiture mechanism in R.C. 5313.08. R.C. 5313.07 provides that a foreclosure action is required when the vendee has made payments under the contract for a period of five years or more. R.C. 5313.07 further notes that "Chapter 5313 of the Revised Code does not prevent a vendor and vendee from cancelling their interest in a land installment contract under [R.C. 5301.331]."

service of notice and notifies the vendee to leave the premises." R.C. 5313.06(C). R.C. 5313.08 sets forth the conditions under which a vendor may bring an action for forfeiture of the vendee's rights in the land installment contract and for restitution of the vendor's property. Notably, R.C. 5313.08 specifies that when a vendor brings a forfeiture action, the court "may also grant any other claim arising out of the contract." Pursuant to R.C. 5313.09, "[a] judgment for the vendor shall operate to cancel the land installment contract as of a date to be specified by the court." In turn, R.C. 5313.10 addresses the exclusiveness of the statutory remedies and provides as follows:

> The election of the vendor to terminate the land installment contract by an action under [R.C. 5313.07] or [R.C. 5313.08] is an exclusive remedy which bars further action on the contract unless the vendee has paid an amount less than the fair rental value plus deterioration or destruction of the property occasioned by the vendee's use. In such case the vendor may recover the difference between the amount paid by the vendee on the contract and the fair rental value of the property plus an amount for the deterioration or destruction of the property occasioned by the vendee's use.

{¶19} In this case, there is no dispute that Kunze did not make the required balloon payment by May 1, 2015. At that time, Kennedy did not attempt to initiate forfeiture proceedings. Kunze remained on the property for approximately another year and continued to pay $1,000 per month. While Kennedy suggests that Kunze requested multiple extensions due to financial hardship, Kunze insists that the parties came to an understanding regarding a month-to-month tenancy. Regardless, there is no dispute that on June 15, 2016, Kennedy's attorney sent Kunze a letter notifying him that he was required to either make the balloon payment within ten days or the land contract would be forfeited and Kunze would be required to vacate the premises. Kunze informed Kennedy that he would be leaving. Kunze vacated the premises in July 2016 and Kennedy proceeded to find another purchaser for the property. Notably, Kennedy never initiated forfeiture proceedings under R.C. 5313.08. Instead, the parties came together on

September 19, 2016 and mutually agreed that "[the] contract [was] cancelled and [was] null and void as of [that] date[.]" Kennedy proceeded to sell the property to a different purchaser later that year. On June 23, 2017, Kennedy filed the instant action against Kunze alleging claims of breach of contract and unjust enrichment.

{¶20} "When the terms in a contract are unambiguous, courts will not in effect create a new contract by finding an intent not expressed in the clear language employed by the parties." *Shifrin v. Forest City Ents., Inc.*, 64 Ohio St.3d 635, 638 (1992). This Court has long recognized that "a void contract means one merely ineffective, of no force and effect; it is no contract whatever. No rights of any character in favor of anyone vest under it; it is binding on neither party." (Internal quotations and citations omitted.) *Basile v. Basile*, 86 Ohio App. 535, 536-537 (9th. Dist.1948). It is understood that if a contact is void, it is as though the obligation under the contract never existed. *See Bass-Fineberg Leasing, Inc. v. Modern Auto Sales, Inc.*, 9th Dist. Medina No. 13CA0098-M, 2015-Ohio-46, ¶ 19.

{¶21} In this case, Kennedy relinquished the right to recover under the parties' written agreement when the parties mutually cancelled the contract and further declared it null and void. Generally speaking, a vendee's failure to make a required payment under a land installment contract does not render the contract "null and void." *Sammetinger v. DeBolt*, 5th Dist. Knox. No. 77-CA-13, 1977 WL 200786, *2 (Nov. 7, 1977). Rather, a default by the vendee subjects him or her to the forfeiture and foreclosure provisions set forth in R.C. 5313.01 et seq. *Id*. Under R.C. 5313.08, a vendor may bring an action for forfeiture of a vendee's rights in a land installment contract. In such an action, the court may also grant any other claim arising out of the contract. *Id*. Here, while Kennedy sent a written notice of forfeiture pursuant to R.C. 5313.06, she never filed a forfeiture action pursuant to R.C. 5313.08. Instead, she took the

affirmative step of reaching out to Kunze so that they could mutually cancel the contract and further declare it "null and void." Under these circumstances, where the parties agreed to declare the contract "null and void," the contract no longer had legal effect and Kennedy was barred from recovering under its terms. *See Basile* at 536-537. Moreover, under the plain language of R.C. 5313.10, recovery for "fair rental value plus deterioration or destruction" is stated as an exception to the otherwise exclusive remedy of filing an action under either R.C. 5313.07 or R.C. 5313.08. As Kennedy chose to declare the contract null and void instead of filing a forfeiture action pursuant to R.C. 5313.08, the exception listed in R.C. 5313.10 is inapplicable in this matter.

{¶22} Kennedy's first, second, third, and fourth assignments of error are overruled.

### ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED GRANTING SUMMARY JUDGMENT ON APPELLEE'S UNSPECIFIED AFFIRMATIVE DEFENSES.

{¶23} In her fifth assignment of error, Kennedy contends that the trial court erred when it granted summary judgment on Kunze's unspecified affirmative defenses. This Court disagrees.

{¶24} Kunze mentioned a number of defenses in his answer to the complaint, including comparative negligence, lack of standing, waiver, accord and satisfaction, and latches. Kunze eventually moved the trial court for summary judgment on "all issues presented in the Complaint[.]" While the trial court described Kunze's motion as a "Motion for Summary Judgment on his affirmative defenses[,]" Kunze's motion was not necessarily rooted in the affirmative defenses mentioned in his answer. Instead, the crux of Kunze's argument in his motion was that the written contract between the parties no longer had any legal effect. The trial court granted summary judgment on that basis with respect to the breach of contract claim. As

the trial court's substantive ruling on the breach of contract claim was separate and distinct from the affirmative defenses set forth in Kunze's answer, any mention of affirmative defenses in the trial court's journal entry was harmless error. *See* Civ.R. 61. The fifth assignment of error is overruled.

### ASSIGNMENT OF ERROR VI

THE TRIAL COURT ERRED IN ITS SUMMARY JUDGMENT RULING BY
SUA SPONTE DENYING APPELLANT'S QUANTUM MERUIT CLAIM.

{¶25} In her final assignment of error, Kennedy argues that the trial court erred in sua sponte granting summary judgment on her unjust enrichment claim. This Court agrees.

{¶26} In its February 12, 2018 journal entry, the trial court devoted a large portion of its analysis to the breach of contract claim. Thereafter, the trial court noted that Kennedy had also filed a claim for unjust enrichment that was based on the same factual allegations. With respect to that claim, the trial court simply stated that "[t]he existence of a written contract in this case (albeit a contract that has been cancelled and declared null and void) bars any claim for unjust enrichment." Kennedy did not move for summary judgment on her unjust enrichment claim. While Kunze moved for summary judgment on the complaint, he did not address the impact that a void contract would have on an unjust enrichment claim. "'A trial court has no authority to sua sponte grant summary judgment upon grounds which were not first addressed in a valid motion submitted by the prevailing party.'" *Bentley v. Equity Trust Co.*, 9th Dist. Lorain No. 14CA010630, 2015-Ohio-4735, ¶ 10, quoting *Miller v. Pennitech Indus. Tools, Inc.*, 9th Dist. Medina No. 2356-M, 1995 WL 230894, *6 (Apr. 19, 2995). Here, the trial court erred when it granted summary judgment on the unjust enrichment claim when Kunze did not address the viability of that claim in his motion.

{¶27} Kennedy's final assignment of error is sustained.

III.

{¶28} Kennedy's first, second, third, fourth, and fifth assignments of error are overruled. Kennedy's sixth assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
<u>CONCUR.</u>


<u>APPEARANCES:</u>

BRADLEY S. LE BOEUF, Attorney at Law, for Appellant.

TRISHA BREEDLOVE, Attorney at Law, for Appellee.